UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVIS WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 25-cv-09903-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br><br>**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 9 |

On November 18, 2025, plaintiff Travis Walker, who is representing himself, filed a complaint against the United States of America, asserting claims for negligence, intentional infliction of emotional distress, and invasion of privacy under the Federal Tort Claims Act ("FTCA"). Dkt. No. 1. Mr. Walker also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2. On December 3, 2025, the Court granted Mr. Walker's IFP application but found his complaint failed to state a claim for relief. Dkt. No. 6. The Court gave Mr. Walker an opportunity to amend his complaint. *Id.* On December 12, 2025, Mr. Walker filed an amended complaint, asserting a single claim for negligence under the FTCA.[1] Dkt. No. 9.

For the reasons discussed below, the Court finds that Mr. Walker's amended complaint fails to state a claim under federal law and is subject to dismissal under 28 U.S.C. § 1915(e). As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge for disposition. The Court further

---

[1] On December 11, 2025, Mr. Walker filed a first amended complaint. Dkt. No. 7. On December 12, 2025, he re-filed his first amended complaint with the note "with signature." Dkt. No. 9. As the only difference appears to be that the second filing has Mr. Walker's signature, this order considers the first amended complaint filed at Dkt. No. 9.

recommends that the amended complaint be dismissed without leave to amend.

## REPORT AND RECOMMENDATION

### I. MR. WALKER'S AMENDED CLAIMS

In his amended complaint, Mr. Walker asserts one claim for negligence against the United States of America under the FTCA. Dkt. No. 1. The factual allegations in the amended complaint do not differ significantly from those of the original complaint. *Compare* Dkt. No. 1 *with* Dkt. No. 9. As in the original complaint, Mr. Walker's principal contention is that he has been subjected to a "continuing pattern of [s]urveillance" by federal agents. Dkt. No. 9 ¶ 14. In the amended complaint Mr. Walker elaborates on this contention, alleging that he "observed a surveillance van parked in front of his residence" on November 30, 2024, March 23, 2025, June 17, 2025, June 19, 2025, and October 24, 2025. *Id.* ¶¶ 10-14. Mr. Walker alleges he observed a white van and a gray van. *Id.* ¶¶ 10, 13.

Mr. Walker alleges that he submitted a "Standard Form 95 (SF-95) administrative claim" to the U.S. Department of Justice ("DOJ") and the FBI, and that they failed to resolve his claim within six months. *Id.* ¶ 15. He further states that "in response to his Freedom Of Information Act Privacy Act (FOIPA) request," the DOJ and the FBI said that "they could not identify records responsive to [p]laintiff's request." *Id.* ¶ 16.

Mr. Walker alleges that he has suffered "stress, anxiety, and related physical symptoms arising from past and continuing surveillance activities." *Id.* ¶ 17. Under the FTCA, Mr. Walker asserts one claim for negligence and seeks damages in the amount of $18 million. *Id.* ¶¶ 18-22.

### II. LEGAL STANDARD

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However,

2

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. As a threshold matter, the Court must examine whether it has jurisdiction over the claims alleged before considering whether the complaint states any claims on which relief may be granted. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

## III. DISCUSSION

The FTCA, 28 U.S.C. §§ 2671-2680, provides that district courts have exclusive jurisdiction over civil actions against the United States for which it has waived sovereign immunity and rendered itself liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Cognizable claims under the FTCA are ones that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property; (4) caused by the negligent or wrongful act or omission of any employee of the government; (5) while acting within the scope of his or her office or employment; (6) under circumstances in which the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). The FTCA expressly bars claims "arising out of" enumerated intentional torts, including assault, battery, false imprisonment, false arrest, and malicious prosecution, among others. 28 U.S.C. § 2680(h).

The amended complaint relies on the same allegations as those in the original complaint, as well as additional allegations identifying the dates and times on which Mr. Walker observed a van outside his residence. *See* Dkt. No. 9 ¶¶ 10-14. The Court concludes that the amended complaint does not plausibly state a claim for relief for negligence under the FTCA. Mr. Walker alleges that "[d]efendant owed Plaintiff a duty of care," "breached that duty through negligent and wrongful acts," "[the] breach was the proximate cause of Plaintiff's injuries," and "Plaintiff has suffered

3

damages as a result." *Id.* ¶¶ 18-21. However, these allegations are conclusory, as they merely recite the elements of the cause of action. The amended complaint contains no factual allegations plausibly supporting Mr. Walker's assertion that federal agents owed him a duty of care and breached that duty by subjecting him to a "continuing pattern of [s]urveillance." *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the amended complaint fails to state a plausible claim for relief.

## IV.   CONCLUSION

Mr. Walker has already been given one opportunity to amend his complaint. In addition, he was previously advised that "if the amended complaint fails to cure the defects described in [the December 3, 2025 screening order], the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for failure to state a claim for relief." Dkt. No. 6 at 5. As discussed above, the allegations in the amended complaint fail to state a plausible claim for relief, and the Court finds no basis to conclude that there are additional facts that could be alleged on a further amendment to cure the deficiencies identified above. Accordingly, the Court recommends that the amended complaint be dismissed without further leave to amend.

Because not all parties have consented to magistrate judge jurisdiction, it is ordered that this case be reassigned to a district judge.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: December 23, 2025

Virginia K. DeMarchi
United States Magistrate Judge